IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

IRA D. MOTLEY and others similarly
situated,

    Plaintiffs,

v.                                                        No. 1:12-cv-02447-JDB-egb

W.M. BARR & COMPANY, INC.,

    Defendant.

---

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN
PART AND DENYING IN PART AND GRANTING PLAINTIFF'S MOTION FOR
CONDITIONAL CERTIFICATION
_____

Before the Court are Defendant, W.M. Barr & Company, Inc.'s ("Barr"), objections to the Magistrate Judge's report and recommendation conditionally certifying Plaintiff, Ira B. Motley's, case to proceed as a collective action. On June 11, 2012, Motley filed a complaint against Barr alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (D.E. 1.) On September 18, the Plaintiff moved to: (1) authorize the case to proceed as a collective action, (2) direct the Defendant to provide Plaintiff with a list of employees, (3) order the Defendant to provide notice to employees of this suit, (4) toll the statute of limitations, and (5) order the opt-in plaintiffs' Consent Forms be deemed "filed" on the date they were postmarked. (D.E. 18.) The motion was referred to Magistrate Judge Tu Pham for a report and recommendation. (D.E. 20.) On March 7, 2013 the Magistrate Judge entered his report finding that: (1) the case be conditionally certified to proceed as a collective action on behalf of all hourly employees who worked for Barr in the warehouse and/or other shipping/receiving related

1

positions in Memphis, Tennessee, within the past three years; (2) Barr provide the Plaintiff with contact information for former hourly employees who fit the class description; (3) Plaintiff's counsel be authorized to mail notice and consent forms to putative class members; (4) Defendant post notice in its facilities where putative class members are employed; (5) opt-in plaintiffs' consent forms be deemed filed on the date they were postmarked; and (6) Motley's request for tolling of the statute of limitations for potential opt-in plaintiffs be denied without prejudice, and his request to have Barr attach the notice to employees' paychecks also be denied. (D.E. 32.) Defendant objected to these findings, arguing that putative class members were not similarly situated to Plaintiff. Alternatively, it contended that the putative class was too broadly defined and should be limited to order fillers in the same warehouse where Motley was employed. (D.E. 33.) The Plaintiff has responded (D.E. 35), and the Court now considers Barr's objections. Based on the following reasons, the Court ADOPTS in part and DENIES in part the report and recommendation.

I. Factual Background

Barr is a manufacturer of specialty cleaning products with its facility located in Memphis, Tennessee. Motley was employed in Barr's warehouse as an "Order Filler" from October of 2006 through April of 2012. He was terminated for, according to the Defendant, poor attendance. Barr allegedly had a policy of automatically deducting thirty minute meal periods from employees' time records instead of utilizing a system where employees manually clocked in and out. The Plaintiff contends that employees were routinely unable to take their full meal breaks and were required by supervisors to work during these periods. He also submits that this work was done within plain sight of Defendant's management. Motley further asserts that employees were never trained or instructed on how to reclaim those meal periods they worked through. As a result, Plaintiff argues that he and other employees regularly worked in excess of forty hours a

2

week but were not compensated for their time. In support of these claims, Motley has offered his own declaration as well as those of two other order fillers, Kenneth Watkins and Chester Caldwell, both of which reiterate Motley's accusations. Barr served Plaintiff with interrogatories to which he responded. Defendant has offered its own evidence in the form of affidavits from thirteen order fillers, also including Watkins and Caldwell. Generally, these affidavits state that while employees occasionally worked through their meal breaks, it was never done at the request of supervisors or in view of management.

## II. Standard of Review

According to 28 U.S.C. § 636(b)(1) and Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge ruling on an objection to a magistrate judge's recommendation must apply a de novo standard of review. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court has reviewed the Defendant's objections and addresses them below.

## III. Analysis

First, Barr argues that the Court applied the incorrect legal standard for conditional certification, contending that the standard applied fails to give weight to conflicting affidavits proffered by the Defendant, incorrectly addresses evidence provided in the form of Plaintiff's responses to interrogatories, and entirely disregards all proof provided by the Defendant in its attempt to refute the assertion that putative class members are similarly situated. Barr maintains that if the conflicting affidavits were to be considered with appropriate weight, conditional certification would be improper. Along this vein, Defendant asserts that the standard applied by the Magistrate Judge amounts to a denial of its due process rights since he "disregarded" its

proof without an opportunity for a hearing. Alternatively, the Defendant maintains that the report and recommendation incorrectly certified the presumed class to include all hourly employees who worked in Barr's warehouse and/or were occupied in shipping and receiving related positions in Memphis, but that the class should instead be limited to those employed as order fillers in the same warehouse as Motley. The Court considers these arguments in turn.

A. Applicable Standard for Conditional Certification

Section 216(b) of the FLSA provides means by which an employee may sue an employer for unpaid minimum or overtime wages through a collective action whereby other "similarly situated" employees may choose to opt in as plaintiffs. 29 U.S.C. § 216(b); O'Brien v. Ed Donnelly Enterprises, Inc., 575 F.3d 567, 583 (6th Cir. 2009). With FLSA collective actions, courts utilize a two-step certification process with regards to establishing the putative class. Id. First, a court may certify a class for notification purposes after a "modest factual showing" by the plaintiff that his position is similar, but not necessarily identical, to that of the potential class members. Comer v. Wal-Mart Stores Inc., 454 F.3d 544, 546-47 (6th Cir. 2006). "Whether opt-in plaintiffs are similarly situated is a factual determination made by the court on a case-by-case basis." Frye v. Baptist Memorial Hosp., Inc., No. 07-2708, 2008 WL 6653632, at *6 (W.D. Tenn. Sept. 16, 2008). "At the notice stage, the certification is conditional and by no means final." Comer, 454 F.3d at 546. "[T]his determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." Id. at 547 (quoting Morisky v. Public Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). After discovery, the court engages in a second certification analysis, where it examines the record under a stricter standard to determine whether class members are in fact similarly situated. Comer, 454 F.3d at 547. At this stage, "[p]laintiffs generally must produce 'more than just

allegations and affidavits' demonstrating similarity in order to achieve final certification." Frye v. Baptist Memorial Hospital, Inc., 495 F. App'x 669, 671 (6th Cir. 2012). If, after a review of the evidence produced during discovery, the court finds that the named plaintiff and putative class members are similarly situated, the case will move forward to trial. Hathaway v. Masonry, No. 5:11-CV-121, 2012 WL 1252569, at *2 (W.D. Ky. Apr. 13, 2012). However, if the court instead determines that the claimants are not similarly situated, the court is required to decertify the class and dismiss the opt-in plaintiffs. Id.

At issue here is what proof Motley must offer at the conditional or "notice" stage of certification in order to establish a "modest factual showing" that he is "similarly situated" to his proposed class. Currently there are four pieces of pertinent evidence in the record – the complaint; the declarations of the named Plaintiff and two other opt-in Plaintiffs; affidavits by a number of Barr order fillers, including the two opt-in Plaintiffs; and answers to interrogatories provided by Motley. In his report, Magistrate Judge Pham noted that at this stage, the "court does not resolve factual disputes or evaluate the weight [of] the evidence, merits of the claims, or the credibility of the plaintiffs." (Report and Recommendation, D.E. 32, pg. 11-12); see, e.g., Wade v. Werner Trucking Co., No. 2:10-cv-00270, 2012 WL 5378311, at *3 (S.D. Ohio Oct. 31, 2012); Burdine v. Coviden, Inc., No. 1:10-cv-194, 2011 WL 2976929, at *2 (E.D. Tenn. June 22, 2011); Brasfield v. Source Broadband Servs., LLC, 257 F.R.D. 641, 642 (W.D. Tenn. 2009). Additionally the report notes that "all factual questions and issues of credibility must be resolved in favor of the moving party in a motion for conditional certification." Monroe v. FTS USA, LLC, 257 F.R.D. 634, 638-39 (W.D. Tenn. 2009). Applying this standard, Magistrate Judge Pham compared the proof provided by the Plaintiff in this case, to that offered in Carter v. Jackson-Madison Cty. Hosp., No. 1:10-cv-01155, 2011 WL 1256625 (W.D. Tenn. Mar. 31,

5

2011), and Montgomery v. Decatur Cty. Gen. Hosp., No. 1:11-cv-1096 (W.D. Tenn.) (Mar. 19, 2012 Order, ECF No. 28). In both of those cases, the Court certified a class of employees from whom a thirty minute meal break was automatically deducted from their time sheets; the employers knew or should have known about the "off the clock" work because it was performed at the direction of and in plain sight of supervisors; and the employees were not instructed on how to reclaim a meal period. Carter, 2011 WL 1256625, at *16; Montgomery, No. 11-cv-1096, D.E. 28 at *2-4. In Carter, the Plaintiff tendered her own affidavit as well as the affidavits of two other employees as support for her claims, 2011 WL 1256625, at *14-16, and in Montgomery, the Plaintiff proffered her own declaration as well as that of a supervisor. 11-cv-1096, D.E. 28 at *2-4.

In comparing Montgomery and Carter to the instant case, Magistrate Judge Pham noted that all three plaintiffs provided similar theories for recovery (a system of automatic meal time deductions and allegations that employees worked through these breaks in plain view of supervisors) as well as like types of proof offered to support the claim that the opt-in plaintiffs were comparably situated (affidavits and declarations by the named Plaintiffs and co-workers). (Report and Recommendation, D.E. 32, pg. 17-18.) Based on these similarities, and the fact that this Court previously granted conditional certification in Montgomery and Carter, Magistrate Judge Pham concluded that Motley had made the requisite factual showing that he was similarly situated to prospective class members. (Id. at 18.)

Barr objects to this finding, stating that the analysis and standard utilized by the Magistrate Judge fails to take into account any of the contradictory evidence it provided. Defendant argues that the report did not consider the conflicting affidavits of Caldwell and Watkins. Additionally, Barr maintains that because Motley failed to provide detailed factual

accounts in his responses to interrogatories, the evidence provided in his declaration should not be considered in evaluating conditional certification. Barr's basis for this argument lies in Rule 37 of the Federal Rules of Civil procedure, which prohibits a party from utilizing evidence to support a motion when that party did not provide the evidence in discovery. While the Defendant admits that the Court granted certification in Montgomery and Carter, it claims that the existence of the conflicting affidavits and the answers to interrogatories distinguishes the present situation from the two previous cases.

The Court agrees with Barr that all available evidence in the record should be considered in determining whether conditional certification is appropriate. See, e.g., Brasfield 257 F.R.D. at 642-43 (considering additional depositions of defendant's executives upon a motion for reconsideration as to the scope of conditional class). However, the Court is also of the opinion that the Magistrate Judge sufficiently examined and addressed all available evidence, including the conflicting affidavits provided by the Defendants. As the magistrate judge correctly noted, at the conditional certification stage the Court does not evaluate the weight of the evidence or determine the merits of the Plaintiff's claims. See, e.g., Wade, 2012 WL 5378311, at *3; Burdine, 2011 WL 2976929, at *2; Brasfield, 257 F.R.D. at 642. Additionally, when ruling on conditional certification, courts should weigh factual disputes and credibility determinations in favor of the Plaintiff. Monroe, 257 F.R.D. at 639-40. Applying this standard, the report recognized the conflicting affidavits by the two opt-in Plaintiffs but noted that their later declarations explain the inconsistencies – they did not understand what was being asked of them during their previous affidavits and they were not permitted to write their own responses. Based on this reasoning, and in reviewing the evidence in the light most favorable to the Plaintiff, Magistrate Judge Pham determined that the proof presented was sufficient to show that the

Plaintiff was similarly situated to the proposed class. Barr asserts that the report improperly weighed the evidence and made credibility determinations; however, the Court is not convinced. The magistrate judge did not take into consideration the merits of Motley's underlying FLSA claim and did not make a determination as to the credibility and believability of the affiants. Rather, he did what he was required to do – construe the facts in the light most favorable to the Plaintiff and evaluate the evidence to ascertain whether a modest factual showing was made. Although the affidavits provided by the Defendant may constitute conflicting proof creating a factual dispute as to whether the opt-in Plaintiffs are similarly situated at this stage, the Court must resolve this dispute in favor of Motley. See Id.; see also Thompson v, RGT Management, Inc., No. 2:11-cv-02573, 2012 WL 3261059, at *3-4 (W.D. Tenn. June 8, 2012) (conditionally certifying class of Assistant Managers even though Plaintiff's sole proof was her own testimony while Defendant provided a number of affidavits from other Assistant Managers refuting the assertion of similarity). Credibility determinations and a thorough balancing of the evidence are better saved for the second stage of certification where a more complete record is available to the Court. See Frye, 495 F. App'x at 671.

Barr's additional contention, that the proof offered through the Plaintiffs' declarations should be excluded from the Court's analysis due to the deficiency of Motley's interrogatory answers, is also unpersuasive. While the interrogatory answers may not be to the Defendant's liking, they are not so deficient as to warrant sanctions under Rule 37 of the Federal Rules of Civil Procedure. Barr notes that Rule 37 states that "[i]f a party fails to provide information … the party is not allowed to use that information or witness to supply evidence on a motion." Fed. R. Civ. P. 37(c). It also directs the Court to Rule 33 which requires each interrogatory to be answered separately and fully in writing unless the answering party objects. Fed. R. Civ. P. 33.

Here, Plaintiff's interrogatory essentially requested that Motely identify and describe all communications and interactions that he had with Barr employees and representatives regarding working lunch breaks and to provide all tangible evidence relating to such actions. The Plaintiff *objected* to this request as overly broad and unduly burdensome, and then gave a general statement that Plaintiff and other workers were regularly expected to work through lunch breaks in plain sight of supervisors. According to the record, Defendant never submitted a motion to compel more detailed answers from the Plaintiff in response to these objections. Because it did not do so, sanctions barring the consideration of the declarations are unwarranted. See Fed. R. Civ. P. 37 advisory committee's notes ("Under existing Rule 33, a party objecting to interrogatories must make a motion for court hearing on his objections. The changes now made in Rules 33 and 37(a) make it clear that the interrogating party *must move to compel answers*, and the motion is provided for in Rule 37(a).") (emphasis added). The magistrate judge was therefore correct in utilizing the Plaintiffs' declarations in determining the existence of a "modest factual showing."

The Court is similarly unmoved that due to the existence of evidence beyond the declarations of the Plaintiffs, a more exacting standard should be applied to the instant action. Discovery has been extremely limited up to this point, and courts in this district have routinely applied the more lenient standard even after partial discovery. See, e.g., Brasfield, 257 F.R.D. at 642 (applying "modest factual showing" standard after depositions of company executives); Monroe, 257 F.R.D. at 639 (applying lenient standard after deposition of Defendant's 30(b)(6) representative was available). Accordingly, the Court finds that the magistrate judge's decision to apply the "modest factual showing" standard and to construe factual disputes in favor of Motley was correct and that his analysis was sound.

>As the report articulated:
>
>>Motley supports his motion with his complaint, his own declaration, two declarations submitted by Watkins, a declaration submitted by Caldwell, and the opt-in consents filed by Watkins and Caldwell. Collectively, these documents show that (1) Motley, Watkins, and Caldwell worked as Order Fillers in Barr's warehouse; (2) they were employed as hourly, non-exempt employees; (3) Barr had a policy of automatically deducting thirty-minute meal periods from its employees' time records; (4) Motley, Watkins, Caldwell, and others similarly situated were routinely required to work during their thirty-minute meal breaks; (5) this "off the clock" work was performed at the direction of Barr and in plain sight; (6) plaintiffs were never instructed or trained on how to reclaim a meal period during which they were required to perform compensable work; and (7) as a result, Motley, Watkins, Caldwell, and others similarly situated performed work in excess of forty hours per week without receiving overtime compensation.

(Report and Recommendation, D.E. 32, pg. 13.) The Court agrees with this summary of the evidence and finds that cumulatively it does reflect that Motley and the proposed class are similarly situated. The same type of proof was enough to satisfy the plaintiffs' burden in Montgomery and Carter, and the Court sees no reason why its ruling should be any different here. Accordingly, the Court ADOPTS the report and recommendation as to this issue and conditionally certifies this case to proceed as an opt-in collective action. The scope of the class is further analyzed below in Part C of this order.

B. Due Process Concerns

Defendant claims that the standard applied by the magistrate judge constituted a denial of its due process rights. More specifically, it contends that the Court's decision to construe factual disputes in favor of the Plaintiff at this stage denies it an actual opportunity to be meaningfully heard. Barr produces no authorities to support its claim, instead choosing only to cite Goldberg v. Kelly, 397 U.S. 254, 90 S. Ct. 1011 (1970), and Fuentes v. Shevin, 407 U.S. 67, 92 S. Ct. 1983, 39 L. Ed. 2d 556 (1972) for the general proposition that notice and an opportunity to be heard must be afforded to a party before it is deprived of its property. The Court notes two problems

with this argument. First, Defendant has had the opportunity to be heard when it responded to Motley's motion for conditional certification. Magistrate Judge Pham evaluated each of Barr's objections and addressed them accordingly. The fact that the report applied a standard which construed the facts in a light more favorable to the Plaintiff does not mean that the Defendant was not given an opportunity to present its side of the case. Additionally, an oral hearing is not required at this point any more than one is required at summary judgment. See Himes v. U.S., 645 F.3d 771, 783-84 (6th Cir. 2011) (holding that a Court was not required to hold a hearing on discovery motions and a motion to dismiss). Second, the Defendant has not directed the Court to any case law suggesting that the production of materials for discovery and notification purposes constitutes a denial of a property right in violation of Due Process. The Court finds that Barr's Due Process rights have not been violated by the standard employed in the magistrate judge's report and that it is not entitled to a hearing on its objections.

C. Scope of Putative Class

In the alternative, Defendant asserts that the class in the report was too broadly defined and that it should be limited only to order fillers employed in the same warehouse as Plaintiff. The basis for Motley, Watkins, and Caldwell's knowledge of the alleged FLSA violations is stated in their respective declarations, each asserting essentially the same statement:

> I have spoken with my former co-workers regarding the problem of working "off the clock," and they have experienced the same problem of not being compensated for all hours worked. I have also witnessed my co-workers performing the same "off the clock" work as me while employed by the Defendant.

(Motley Decl. 8/20/12, D.E. 18-4.) Based on this statement, it seems that Plaintiff's theory, that meal breaks were automatically deducted and that supervisors required employees to work through these breaks, could be applied to more than just order fillers, as "co-workers" might

extend to other persons employed in shipping/receiving. However, the facts presented are sufficient only to extend class certification to those who were employed in the same warehouse as the three Plaintiffs. The declarations fail to provide any inference or assertion that Motley, Watkins, or Caldwell discussed the meal break situation with co-workers outside of the warehouse or were given an opportunity to observe these violations in another location. The policy of automatically deducting meal periods is not a violation of the FLSA in and of itself; Motley's theory also requires evidence that supervisors knew of or required employees to work through these breaks. See Frye, 495 F. App'x at 673 ("an automatic-deduction policy by itself comports with the FLSA, and thus cannot serve as the lone point of similarity supporting class certification.") (internal citations omitted). It appears that the Plaintiffs' knowledge of supervisors observing and/or directing the meal break violations is limited to their observations at the warehouse. See Thompson, 2012 WL 3261059, at *4 (limiting conditional certification to those Assistant Managers employed at restaurants the Plaintiff had worked in since her observations and experiences could not account for the employment practices at Defendant's other locations). Accordingly, the Court conditionally certifies the class to include all hourly employees employed in shipping and/or receiving positions in the same warehouse where Plaintiff worked. The Plaintiff has failed to establish facts showing that those employed outside of the warehouse are similarly situated.

## IV. Conclusion

In sum, the Court adopts Magistrate Judge Pham's report and recommendation except as to the scope of the class. Accordingly the Court:

(1) Conditionally certifies this case to proceed as an opt-in collective action for FLSA overtime violations and unjust enrichment under Tennessee law, on behalf of all hourly

12

employees who were employed in a shipping and/or receiving capacity at the Memphis, Tennessee warehouse where Plaintiff was employed, within the past three years and who were denied overtime compensation and/or straight time compensation because their pay was subject to an automatic meal break deduction even when those employees performed compensable work during such unpaid meal breaks;

(2) Directing Barr, within twenty days of the order, to provide Motley with a list of names, last known addresses, and telephone numbers for all present and former hourly employees of Barr who worked in the warehouse in a shipping/receiving job during the previous three years, who were subject to Barr's practice of automatically deducting meal breaks;

(3) Authorizing counsel for the Plaintiff to mail the notices and consent forms to putative class members;

(4) Ordering Barr, within seven days of the order, to post the notices prominently at their Memphis, Tennessee warehouse, including on employee bulletin boards;

(5) Ordering that opt-in Plaintiffs' consent forms be deemed filed on the date they are postmarked; and

(6) Denying without prejudice Motley's request for tolling of the statute of limitations for potential opt-in plaintiffs, and denying his request to have Barr attach the notice to employees' paychecks.

IT IS SO ORDERED this 10th day of May, 2013.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE